UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAKUJA CRYSTAL VANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-02222 (UNA) |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Currently before the court is Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the court will grant the Plaintiff's IFP application, and will dismiss this matter without prejudice.

At the outset, the court notes that Plaintiff is currently unhoused, but domiciled in the District of Columbia, and for that reason, she has moved, *see* ECF No. 4, to use a P.O. Box in lieu of a residence address, *see* D.C. LCvR 5.1 (c)(1). The court finds good cause for use of a P.O. Box in this circumstance and will thus grant Plaintiff's motion. Plaintiff has also filed a motion to seal, ECF No. 3, and although the relief sought is not entirely clear, it appears that she requests to seal her P.O. Box address, as well as certain private information, stored on a USB drive, and sent to the Clerk of Court. As far as it can be understood, the court finds good cause to seal Plaintiff's USB drive, also located at ECF No. 3, and to seal her address of record as requested, *see* D.C. LCvR 5.1 (c)(1), therefore, that motion will also be granted, but to that extent only. Notwithstanding the success of these motions, the complaint cannot survive.

1

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely within this category.

Plaintiff sues the Social Security Administration, the United States, and the State of Maryland. The prolix complaint totals 96 pages, and includes a hodgepodge of unexplained exhibits, *see* D.C. LCvR 5.1(e). The complaint is quite difficult to follow. Plaintiff cites to approximately 20 different federal statutes and seven different constitutional amendments, broadly alleging, without specificity, that Defendants and others, from September 2020 to date, have committed medical malpractice, improperly denied her federal benefits and state benefits in Maryland, discriminated against her on the basis of her disability, violated several of her

constitutional rights, abused her, conspired against her, committed various crimes, and engaged in unfair settlement practices. Although Plaintiff invokes a litany of different laws, the expansive nature of her intended claims does not help, and instead hampers, their comprehensibility, and Plaintiff fails to make out a cognizable claim under any of the authority cited. She demands an injunction correcting the laundry list of vague wrongdoing committed against her and she seeks an unspecified award of damages. Put simply, the complaint is overbroad and fails to give adequate notice of Plaintiff's claims to the Defendants or to the court.

      As a result, Plaintiff's IFP application will be granted, and this matter will be dismissed without prejudice for failure to satisfy Rule 8. A separate order accompanies this memorandum opinion.

Date:   October 23, 2023

                                                  JIA M. COBB
                                        United States District Judge